



IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00009 |
| Plaintiff, | |
| vs. | |
| DANIEL MATSUNO and VIVIAN MATSUNO, | ORDER |
| Defendants. | |

On February 10, 2005, the Defendants appeared before the Court for an arraignment, and the Defendants entered not guilty pleas to the offenses alleged in the Indictment. The Court advised the parties there were only 18 non-excludable days remaining on the speedy trial clock and that trial would have to commence by March 11, 2005.[1] In order to permit counsel to review their schedules, the Court continued the matter to February 14, 2005.

On February 14, 2005, the parties appeared before the Court for a trial setting. Defense

---

[1] The instant case is related to <u>United States v. Daniel and Vivian Matsuno</u>, Criminal Case No. 04-00049, which the Government moved to dismiss on February 10, 2005. Pursuant to 18 U.S.C. § 3161(h)(6), the speedy trial clock in this case does not start anew. Rather, the original 70-day period is merely tolled for the period between dismissal and re-indictment or re-arraignment. In Criminal Case No. 04-00049, the Court had previously excluded the period between December 30, 2004 through February 21, 2005, inclusive, from the speedy trial computations based on counsels' schedules and need to adequately prepare for trial. Thus, the speedy trial clock does not begin to run until February 22, 2005.

counsel requested that the trial in this case be held between March 1st and March 6th in order to accommodate their travel and trial schedules, and the Government had no objection. Accordingly, trial in this case shall hereby commence on March 2, 2005 at 9:30 a.m. before the Honorable Ronald S.W. Lew.[2] All pretrial motions shall be filed no later than February 18, 2005. Additionally, the following shall be filed or lodged with the Court no later than seven calendar days prior to the trial:

1) Proposed jury voir dire questions;

2) An original and one copy of the exhibit list - (Government's exhibits numbered; Defendant's exhibits lettered);

3) Three complete sets of marked and tabbed exhibits in three-ring binders. A copy of the Exhibit List shall be included in each three-ring binder. The parties shall meet and confer sufficiently in advance of trial and formulate a set of joint exhibits, if possible, to eliminate duplicate exhibits. Those exhibits upon which agreement cannot be reached shall be submitted separately by each respective party;

4) Any documents to be used in the examination of witnesses, but not to be introduced into evidence, such as police reports, investigative reports or witness statements - (one copy must be lodged with the Court);

5) Proposed verdict forms;

6) An original and one copy of witness lists for purposes of voir dire only - (Witness lists shall include: legal names, aliases, nicknames, place of residence and place of employment); and

7) Proposed jury instructions - (Those jury instructions upon which an agreement cannot be reached shall be submitted in a separate packet, together with the objections and authority therefor of each party).

DATED this 14th day of February 2005.

JOAQUIN V.E. MANIBUSAN, JR.
United States Magistrate Judge

---

[2] The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation.