LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL MATSUNO, and <br> VIVIAN MATSUNO, <br><br> Defendants. | CRIMINAL CASE NO. 05-00009 <br><br> **UNITED STATES'** <br> [PROPOSED] <br> **JURY INSTRUCTIONS** |

In addition to the Court's usual instructions, the Government hereby requests the Court to instruct the jury as set forth in the attached proposed jury instructions. In addition, an unnumbered set, without authorities, is submitted on computer diskette, in the event the Court wishes to submit instructions to the jury.

RESPECTFULLY SUBMITTED this 23rd day of February, 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

BY: _Karon V. Johnson_
Karon V. Johnson
Assistant U.S. Attorney



## INDEX

| NO. | DESCRIPTION | PAGE |
|-----|-------------|------|
| 1 | Duties of Jury to Find Facts and Follow Law ......................................... | 1 |
| 2 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof ....................................................... | 2 |
| 3 | Reasonable Doubt - Defined ................................................................... | 3 |
| 4 | What is Evidence.................................................................................... | 4 |
| 5 | Separate Consideration of Each Defendant ............................................ | 5 |
| 6 | Foreign Language Testimony ................................................................. | 6 |
| 7 | Testimony of accomplice ....................................................................... | 7 |
| 8 | Criminal Conspiracy .............................................................................. | 8 |
| 9 | Wire fraud ............................................................................................. | 10 |
| 10 | Knowingly ............................................................................................. | 11 |
| 11 | Intent to Defraud .................................................................................. | 12 |
| 12 | Direct and Circumstantial Evidence ...................................................... | 13 |
| 13 | Credibility of Witnesses ........................................................................ | 14 |
| 14 | What is Not Evidence ............................................................................ | 15 |
| 15 | Statements by Defendant ...................................................................... | 16 |
| 16 | Duty to Deliberate ................................................................................. | 17 |
| 17 | Consideration of Evidence .................................................................... | 18 |
| 18 | Jury Consideration of Punishment ........................................................ | 19 |
| 19 | Return of Verdict................................................................................... | 20 |
| 20 | Communication with the Court............................................................... | 21 |

- i -

# INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

AUTHORITY:     Manual of Model Jury Instructions for the
               Ninth Circuit, 2000 Ed. § 3.1

- 1 -

INSTRUCTION NO. 2

## CHARGE AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION
## OF INNOCENCE, BURDEN OF PROOF

Count I of the indictment in this case accuses the defendants of the following:

Beginning on or about February, 2002, and continuing through March 30, 2002, in the District of Guam, the defendants herein, DANIEL MATSUNO and VIVIAN MATSUNO, together with Thu Loan Thai Dang, did unlawfully, willfully, and knowingly combine, conspire, confederate and agree among themselves and each other to commit an offense against the United States, to-wit: Wire Fraud, in violation of Title 18, United States Code, § 1343.

Count II of the indictment in this case accuses the defendants of the following:

On or about March 8, 2002, in the District of Guam, the defendants herein, VIVIAN MATSUNO and DANIEL MATSUNO, did knowingly devise and intend to devise a scheme and artifice to defraud and for the purpose of obtaining money and property by means of false and fraudulent pretenses and representations, to-wit: certifying to Atkins Kroll that Thu Loan Thai Dang was employed as a sales manager for Pacific Wine & spirits, Inc., making a gross monthly salary of $3,000, said pretenses and representations being material to the scheme and artifice to defraud, and for the purpose of executing said scheme and artifice, did cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain signs, and signals, to-wit: communications concerning whether Thu Loan Thai Dang had been approved for a loan to purchase a 2002 Lexus.

The defendants have pleaded not guilty to the charge.

The indictment is not evidence. Each defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 3.2

- 2 -

# INSTRUCTION NO. 3

## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense, and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find that defendant guilty.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 3.5

- 3 -

INSTRUCTION NO. __4__

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 3.6

4

# INSTRUCTION NO. 5

## SEPARATE CONSIDERATION OF EACH DEFENDANT

A separate crime is charged against each defendant. The charges have been joined for trial. You must consider and decide the case of each defendant separately. Your verdict as to one defendant should not control your verdict as to any other defendant.

All of the instructions apply to each defendant.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2000 Ed., § 3.13

5

INSTRUCTION NO. 6

FOREIGN LANGUAGE TESTIMONY

You are about to hear testimony of a witness who will be testifying in a language other than English. This witness will testify through the official court interpreter. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of the witness' testimony. You must disregard any different meaning of the non-English words.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2000 Ed., § 2.9

6

INSTRUCTION NO. __7__

<u>TESTIMONY OF ACCOMPLICE</u>

     You have heard testimony from Thu Loan Thai Dang, who admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. You should consider such testimony with greater caution than that of other witnesses.

AUTHORITY: <u>Manual of Model Jury Instructions for the</u>
<u>Ninth Circuit</u>, 2000 Ed., § 4.11

7

## INSTRUCTION NO. 8

## CRIMINAL CONSPIRACY

The defendant is charged in Count I of the indictment with conspiring to commit wire fraud in violation of Section 317 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about February, 2002, and ending on or about March 30, 2002, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership–an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who

8

1  willfully joins an existing conspiracy is as responsible for it as the originators. On the other

2  hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers

3  some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a

4  person does not become a conspirator merely by associating with one or more persons who are

5  conspirators, nor merely by knowing that a conspiracy exists.

6  An overt act does not itself have to be unlawful. A lawful act may be an element of a

7  conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not

8  required to prove that the defendant personally did one of the overt acts.

26 AUTHORITY: <u>Manual of Model Jury Instructions for the</u>
<u>Ninth Circuit</u>, 2000 Ed., § 8.16

9

INSTRUCTION NO. _9_

## WIRE FRAUD

The defendant is charged in Count II of the indictment with Wire Fraud, in violation of Title 18 of the United States Code, § 1343. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made up a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the defendant knew that the promises or statements were false;

Third, the promises or statements were material, that is, they would reasonably influence a person to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, the defendant used, or caused to be used, by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

A wiring is caused when one knows that the wires will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material wired was itself false or deceptive so long as the wires were used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2000 Ed., § 8.103

10

INSTRUCTION NO. _10_

## KNOWINGLY

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that a defendant knew that his or her acts or omissions were unlawful. You may consider evidence of a defendant's words, acts or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2000 Ed., § 5.6

11

INSTRUCTION NO. 11

INTENT TO DEFRAUD

An intent to defraud is an intent to deceive or cheat.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 3.17

12

INSTRUCTION NO. _12_

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

The word "infer", or the expression "to draw an inference", means to find that a fact exists based on proof of another fact. For example, if you see water on the street outside your window, you can infer that it has rained. In other words, the fact of rain is an inference that could be drawn from the presence of water on the street. Other facts may, however, explain the presence of water without rain. Therefore, in deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense and experience. After you have done that, it is for you to decide whether to draw a particular inference.

You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2000 Ed., § 3.8, modified

13

INSTRUCTION NO. __13__

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

You should consider the testimony of the defendant just as you would the testimony of any other witness.

AUTHORITY:  Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 3.9

14

# INSTRUCTION NO. 14

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2000 Ed., § 3.7

15

INSTRUCTION NO. __15__

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether defendant made the statement and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2000 Ed., § 4.1

16

## INSTRUCTION NO. 16

## DUTY TO DELIBERATE

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 7.1

17

INSTRUCTION NO. __17__

<u>CONSIDERATION OF EVIDENCE</u>

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Some of you have taken notes during the trial. Such notes are only for the personal use of the person who took them.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2000 Ed., § 7.2

18

1
## INSTRUCTION NO. 18

2
### JURY CONSIDERATION OF PUNISHMENT

3    The punishment provided by law for this crime is for the court to decide. You may not

4 consider punishment in deciding whether the government has proved its case against the

5 defendants beyond a reasonable doubt.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26    AUTHORITY: Manual of Model Jury Instructions for the
27                Ninth Circuit, 2000 Ed., § 7.4

28
19

INSTRUCTION NO. __19__

## RETURN OF VERDICT

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal or bailiff outside your door that you are ready to return to the courtroom.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 7.5

20

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2000 Ed., § 7.6

21